CASE 4—PETITION EQUITY—JUNE 3.

# Burgess vs. Eastham, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

On petition of one of four adult joint owners under the act of February 15, 1866 (*Myers' Sup.*, 751), the circuit court has jurisdiction to order a sale of a house and lot which is not susceptible of division, and to divide the proceeds of the sale, although the other joint owners protest against the sale.

C. B. THOMAS,          For Appellant,

CITED—

*Civil Code*, secs. 123, 389.

5 *Johns. Ch. R.*, 101 ; *Newburg Turnp. Co. vs. Miller.*
*Act* 1866, *Myers' Supplement*, 751.

PAYNE,          For Appellees.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The proper construction of the act of February 15, 1866, to amend chapter 86 of the Revised Statutes (*Myers' Supplement*, 751), would seem to confer upon equity courts jurisdiction to order a sale of lands held by adult joint owners when a division of the land would materially impair its value, unless some of the joint owners shall, by proper pleading, demand a separation of their interest as specified in the proviso.

But when, as in this case, from the nature of the property, it being a house and lot in Lexington, belonging to four joint owners, originally, it is not susceptible of division, and where none of the defendants pray for a

separation of their interest, but simply protest against its being sold, there is no other way of separating the joint interest but by sale; for, if the plaintiff's interest was decreed to be sold, still the purchaser would be but a joint owner. The evil to be remedied by this statute was to rid a joint owner of the perverseness or selfishness of his other joint owners, who would neither sell nor purchase; and its object in such case was to confer upon the courts power to sell the whole property to the highest bidder, at public sale, that it might be owned in severalty, and the petitioner have his part in severalty. The other joint owners, or any of them, could become the owners of the whole by being the strongest bidder at a public judicial sale. The rights of such owners are well protected by the proviso, making it the duty of the court, upon their prayer, to assign their part in severalty when it is susceptible of being so assigned.

It is true, the language of the statute is, that the court *may*, upon the petition, &c., order a sale; but this was to confer jurisdiction in this particular class of cases upon the courts, and to secure the right of such joint owner, when he brings his case within its provisions, to have such sale. We think the appellant has brought his case within the objects of the statute, and the dismissal of his petition was erroneous.

The judgment is, therefore, reversed, with directions to the court below to order a sale, and partition the proceeds according to the respective interest of the party.